IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY OF CHRIST COPYRIGHT CORPORATION et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. 07-0543-CV-W-GAF |
| CHARLES MILLER et al., | ) ) |
| Defendants. | ) |

## ORDER GRANTING PRELIMINARY INJUNCTION

On December 7, 2007, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction (the "Motion") (Docket No. 4). Plaintiffs appeared by and through their counsel, J. David Wharton and Mark M. Iba of Stinson Morrison Hecker LLP. Defendants appeared by and through their counsel, Dan C. Sanders and Ralph A. Monaco III of Monaco, Sanders, Gotfredson, Racine & Barber, L.C. Having considered the evidence presented and arguments submitted at the hearing and in Plaintiffs' Motion, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Docket No. 13), and the Reply in Support of Plaintiffs' Motion for Preliminary Injunction (Docket No. 18), the Court hereby rules as follows:

### Background

Plaintiff Community of Christ Copyright Corporation owns all right, title and interest in and to federal Trademark Registration No. 956,687 for the trademark RLDS and federal Trademark Registration No. 3,188,759 for the trademark REORGANIZED CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS. Earlier this year, however, Plaintiffs learned that Defendants have been using these marks in their signage and in advertising. Defendants' sign, which was erected outside of their church, reads substantially as follows:

> **SOUTH RESTORATION BRANCH**
>
> **PROCLAIMING THE ORIGINAL DOCTRINE OF THE R.L.D.S. CHURCH**

Defendants also placed advertisements in the Independence Examiner that read substantially as follows:

> SOUTH RESTORATION BRANCH
>
> Members of
> **The Reorganized Church of Jesus Christ of Latter Day Saints**
> Proclaiming
> The Original Doctrine of the Reorganization
>
> We invite you to come and worship with us.
> For more information, call 816-358-9612
> 8105 S. Raytown Road
> Raytown, MO

and

> **SOUTH RESTORATION BRANCH**
>
> Proclaiming
>
> The Original Doctrine of
> The Reorganized Church of
> Jesus Christ of Latter Day Saints
>
> We invite you to come and worship with us.
> For more information, call 816-358-9612
>
> 8105 Raytown Road
> Raytown, MO
>
> Worship Schedule
>
> Sunday
>
> 9:30 a.m. Devotional
> 9:45 a.m. Church School
> 11:00 a.m. Elder Bill Jones
> 6:00 p.m. Summer Series at Waldo
>
> _____
>
> Wednesday
>
> 7:00 p.m. Prayer Service

Defendants did not obtain authorization from Plaintiffs to use the trademarks RLDS and REORGANIZED CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS in Defendants' sign and advertisements in the Independence Examiner.

**Findings of Fact and Conclusions of Law**

Plaintiffs have met the legal standards for the imposition of a preliminary injunction. They have shown (1) a likelihood that they will succeed on the merits; (2) a threat of irreparable harm; (3) that the balance of equities favors Plaintiffs; and (4) that the public interest will be advanced by granting preliminary relief.

1. Probability of Success on the Merits.

Plaintiffs have demonstrated that they are likely to succeed on the merits of their claim for trademark infringement. First, Plaintiffs' federally registered trademarks are presumed valid. *See* 15 U.S.C. § 1115(a). Defendants do not dispute Plaintiffs' federal registrations. In fact, Plaintiffs' RLDS trademark enjoys "incontestable" status because it has been in continuous use for five consecutive years subsequent to the date of registration and is still used in commerce. *See* 15 U.S.C. § 1065. The marks are, therefore, valid and protectible.

Plaintiffs also have established a likelihood of confusion. Defendants are not using merely similar marks. They are displaying Plaintiffs' exact trademarks on their sign and in their advertisements. Further, by advertising in the Independence Examiner and placing their sign in Raytown, Missouri, Defendants have used Plaintiffs' trademarks in close proximity to Plaintiffs' headquarters in Independence, Missouri and various congregations of Plaintiffs in and around Raytown, Missouri. Finally, Defendants are using Plaintiffs' trademarks for religious services, the exact services covered by the federal registrations. Because the marks are identical, used in the same geographic location, and used for the identical services, Plaintiffs are entitled to a presumption that there is a likelihood of confusion.

Bolstering the presumption is the fact that the trademarks are strong and, thus, entitled to greater protection. As described above, the RLDS trademark has become incontestable. And the mark Reorganized Church of Jesus Christ of Latter Day Saints has been in continuous use in the Midwest (and throughout the world) for more than 100 years. Further, in light of the fact that Plaintiffs use both their historic name, Reorganized Church of Jesus Christ of Latter Day Saints (or RLDS Church), and the name Community of Christ, there is greater likelihood of confusion if a church, such as the South Restoration Branch, that is not affiliated with the Community of Christ uses the trademarks belonging to the Community of Christ.

Defendants' arguments that Plaintiffs' marks are generic lack merit. The Reorganized Church of Jesus Christ of Latter Day Saints, or the RLDS Church, is a denomination of Christianity.

Defendants also have not established a fair use defense. The defendant church's name is South Branch Congregation, also known as South Restoration Branch. Defendant Miller and other members of the Defendant church refer to their church as the South Restoration Branch.

4

The trademarks are not part of the Defendants' names. Furthermore, Defendants' use of the trademarks in their sign and in advertising is not merely descriptive of faith and beliefs; they are invitations to the public to join in worship in the defendant church. This is not fair use of the registered trademarks.

Defendants also have not shown laches. Plaintiffs acted relatively promptly in filing this action after learning this year of Defendants' advertisements and sign. Finally, Defendants have shown no prejudice as a result of any alleged delay.

### 2. Irreparable Harm

A showing of probable success on the merits raises a presumption of irreparable injury. *Calvin Klein Cosmetics v. Lenox Labs., Inc.*, 815 F.2d 500, 505 (8th Cir. 1987). The law recognizes that injunctive relief is appropriate because there is no adequate remedy at law for the injury caused by a defendants continuing infringement. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). *See also* Lanham Act, 15 U.S.C. § 1116(a) (expressly authorizing injunctive relief for trademark infringement).

### 3. The Balance of Equities

The balance of equities weighs favors a preliminary injunction. Plaintiffs are not seeking to interfere with Defendants' worship services or religious beliefs or practices. Plaintiffs are entitled to the exclusive use of their trademarks. Further, Defendants offer no reason why they cannot operate without using Plaintiffs' trademarks. Defendants have submitted an exhibit showing other "restoration branches" that advertise without using Plaintiffs' trademarks. *See* Exhibit 8 to Defendants' Memorandum in Opposition (Docket No. 13) (showing advertisement of 13 churches under banner "Restoration Branches of Zion").

### 4. The Public Interest

An injunction serves the public interest here. The public has an interest in the enforcement of validly registered trademarks. The public also has the right not to be deceived or confused as a result of the infringement of established trademarks.

### Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have established each element necessary for the issuance of a preliminary injunction. The Court hereby **GRANTS** Plaintiffs Motion for Preliminary Injunction. Accordingly, it is hereby **ORDERED** that Defendants, including their agents, affiliates, employees and all others acting in concert or participation with them are hereby **ENJOINED AND RESTRAINED** during the pendency of this action from:

A. Using the service mark REORGANIZED CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, or the RLDS membership/service mark, or any other mark that is confusingly similar to plaintiffs' REORGANIZED CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS mark or RLDS mark, in signage, advertising, and literature; and

B. Committing any other act calculated or likely to cause the public to believe that the Defendants or their services are in any manner connected, licensed, sponsored, affiliated or associated with Plaintiffs or from otherwise competing unfairly with Plaintiffs.

**IT IS FURTHER ORDERED** that Defendants, including their agents, affiliates, employees and all others acting in concert or participation with them, shall**:**

C. On or before Monday December 10, 2007 at least temporarily alter their sign by obliterating any reference to Reorganized Church of Jesus Christ of Latter Day Saints and/or RLDS and permanently change the sign to eliminate any reference to Reorganized Church of

Jesus Christ of Latter Day Saints and/or RLDS within thirty (30) days of the date of this Order unless otherwise ordered by the Court;

D. Immediately notify in writing and direct all publishers in which advertisements or other literature referencing the marks Reorganized Church of Jesus Christ of Latter Day Saints or RLDS are scheduled to appear to cancel all such advertisements and publications using the names Reorganized Church of Jesus Christ of Latter Day Saints or RLDS;

E. Within two weeks of the entry of this Order, file with the Court and serve upon Plaintiffs' counsel an affidavit or declaration attesting to and detailing Defendants' compliance with the Order; and

F. Within two weeks of the entry of this Order, notify the Court of any agreed discovery schedule and date for a permanent injunction hearing.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a bond in cash or corporate surety on this preliminary injunction in the amount of $5,000.00.

**IT SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 7, 2007